1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

9

10  RICHARD G. LOZANO,                         Case No. 5:21-cv-789-VAP (MAR)

11                          Plaintiff,

12              v.                             FINAL REPORT AND
                                               RECOMMENDATION OF UNITED
13  SAN BERNARDINO SHERIFF DEPT.,              STATES MAGISTRATE JUDGE

14                          Defendant(s).

15

16

17      This Final[1] Report and Recommendation is submitted to the Honorable

18  Virginia A. Phillips, United States District Judge, pursuant to 28 U.S.C. § 636 and

19  General Order 05-07 of the United States District Court for the Central District of

20  California.

21                                 I.

22                  **SUMMARY OF RECOMMENDATION**

23      On April 22, 2021, Richard G. Lozano ("Plaintiff"), proceeding pro se and in

24  forma pauperis, constructively filed[2] a Complaint ("Complaint") pursuant to 28 U.S.C.

25

26  _____

27  [1] This Final Report and Recommendation is substantively unchanged from the original Report and
    Recommendation except for footnote 3, which describes Plaintiff's potential release or address
    change.

28  [2] Under the "mailbox rule," when a pro se inmate gives prison authorities a pleading to mail to
    court, the court deems the pleading constructively "filed" on the date it is signed.  Roberts v.

1   § 1983 ("section 1983") against the San Bernardino Sheriff's Department.

2   ("Defendant").  ECF Docket No. ("Dkt.") 1.  For the reasons discussed below, it is

3   recommended that this action be **DISMISSED** with prejudice for failure to state a

4   claim.

5                                              **II.**

6                                    **BACKGROUND**

7   **A.      Summary of the Complaint**

8           Plaintiff, currently an inmate at Central Detention Center[3] ("CDC"), alleges

9   that on February 22, 2021, he "fell out of a van after being transported from CDC to

10  West Valley D.C. in Rancho Cucamonga due to negligence of the Sheriff Dept. to

11  provide a step stool to step on when [Plaintiff was] exiting the vehicle."  Dkt. 1 at 1.

12          The Complaint contains just one (1) claim:  that Defendant violated Plaintiff's

13  "[Fourteenth Amendment right] to proper medical procedure."  Dkt. 1 at 6.

14  Plaintiff names the Defendant in its individual capacity and requests $15,000.  Id. at 4,

15  7.

16  **B.      Order Dismissing Complaint with Leave to Amend**

17          On May 27, 2021 the Court issued an Order Dismissing Complaint With Leave

18  to Amend ("ODLA"), finding the Complaint was subject to dismissal because (1) the

19  Complaint fails to state a cognizable section 1983 claim, (2) the Complaint fails to

20  comply with Federal Rule of Civil Procedure 8(a) ("Rule 8"), and (3) the Complaint

21  fails to state a claim under the Fourteenth Amendment.  Dkt. 6 at 6–8.

22  —————————————————

23  Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted); Douglas v. Noelle, 567 F.3d 1103,
    1107 (9th Cir. 2009) (stating the "mailbox rule applies to § 1983 suits filed by pro se prisoners").

24  [3] The mail containing the August 17, 2021 Report and Recommendation was returned to the Court.
    Dkts. 10; 11.  Furthermore, a search on the San Bernardino County Sheriff's Department ("SBSD")

25  website indicates Plaintiff may no longer be in the custody of the SBSD.  San Bernardino County
    Sheriff's Department, "Inmate Locator," Booking No. 2102341913, available at

26  https://wp.sbcounty.gov/sheriff/corrections/inmate-locator/ (last visited September 23, 2021).

27  Accordingly, Plaintiff may have been either been released or moved since his last correspondence
    with the court.  As noted in the Court's Initial Civil Rights Case Order, Plaintiff's failure to inform

28  the Court of a change in address constitutes an independent ground for dismissal under Local Rule
    41-6.  See Dkt. 5 at 3; L.R. 41-6.

                                                2

1    On June 8, 2021, Plaintiff filed a notice with the court that he intends to stand

2    on the allegations in his Complaint.[4]  Dkt. 7.

3                                          **III.**

4                          **STANDARD OF REVIEW**

5    Where a plaintiff proceeds in forma pauperis, a court must screen the

6    complaint under 28 U.S.C. § 1915 and is required to dismiss the case at any time if it

7    concludes the action is frivolous or malicious, fails to state a claim on which relief may

8    be granted, or seeks monetary relief against a defendant who is immune from such

9    relief.  28 U.S.C. § 1915(e)(2)(B); see Barren v. Harrington, 152 F.3d 1193, 1194 (9th

10   Cir. 1998).

11   In determining whether a complaint fails to state a claim for screening

12   purposes, a court applies the same pleading standard as it would when evaluating a

13   motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6).

14   See Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012).  A claim should be

15   dismissed under Rule 12(b)(6) if the plaintiff fails to proffer "enough facts to state a

16   claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570.  "A claim has

17   facial plausibility when the plaintiff pleads factual content that allows the court to

18   draw the reasonable inference that the defendant is liable for the misconduct alleged."

19   Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

20   Dismissal for failure to state a claim can be warranted based on either a lack of

21   a cognizable legal theory or the absence of factual support for a cognizable legal

22

23   [4] Plaintiff also requests appointment of counsel.  There is no constitutional right to appointed counsel in civil rights actions.  Storseth v. Spellman, 654 F.2d 1349, 1353 (9th Cir. 1981).  A court

24   has no direct way to pay appointed counsel and cannot compel an attorney to represent a plaintiff. See Mallard v. U.S. Dist. Court, 490 U.S. 296, 301–10 (1989).  In exceptional circumstances, a court

25   may request counsel to voluntarily provide representation.  28 U.S.C. § 1915(e)(1); see Mallard, 490 U.S. at 301–10.  To decide whether "exceptional circumstances" exist, a court evaluates both the

26   likelihood of a plaintiff's success on the merits and plaintiff's ability to articulate claims pro se. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir.

27   1991).  Plaintiff has failed to state a cognizable claim and therefore has no likelihood of success on

28   the merits.  Accordingly, the Court does not find appointment of counsel is warranted and **DENIES** Plaintiff's request.

theory.  See, e.g., Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008).  A complaint may also be dismissed for failure to state a claim if it discloses some fact or complete defense that will necessarily defeat the claim. Franklin v. Murphy, 745 F.2d 1221, 1228–29 (9th Cir. 1984), abrogated on other grounds by Neitzke v. Williams, 490 U.S. 319 (1989).  Although the plaintiff must provide "more than labels and conclusions," Twombly, 550 U.S. at 555, "[s]pecific facts are not necessary; the [complaint] need only give the defendant[s] fair notice of what the . . . claim is and the grounds upon which it rests."  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (citations and quotation marks omitted).

In considering whether a complaint states a claim, a court must accept as true all of the material factual allegations in it.  Hamilton v. Brown, 630 F.3d 889, 892–93 (9th Cir. 2011).  However, a court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008).  The court must also construe the pleading in the light most favorable to the pleading party and resolve all doubts in the pleader's favor.  See, e.g., Berg v. Popham, 412 F.3d 1122, 1125 (9th Cir. 2005).  Pro se pleadings are "to be liberally construed" and are held to a less stringent standard than those drafted by a lawyer.  Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) ("Iqbal incorporated the Twombly pleading standard and Twombly did not alter courts' treatment of pro se filings; accordingly, we continue to construe pro se filings liberally when evaluating them under Iqbal.").

If a court finds the complaint should be dismissed for failure to state a claim, a court has discretion to dismiss with or without leave to amend.  Lopez v. Smith, 203 F.3d 1122, 1126–30 (9th Cir. 2000) (en banc).  Leave to amend should be granted if it appears possible the defects in the complaint could be corrected, especially if the plaintiff is pro se.  Id. at 1130–31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).  However, if, after careful consideration, it is clear a complaint cannot

4

1  be cured by amendment, a court may dismiss without leave to amend.  <u>Cato</u>, 70 F.3d
2  at 1105, 07–11.

3                                                IV.

4                                        <u>DISCUSSION</u>

5  **A.    THE COMPLAINT FAILS TO STATE A COGNIZABLE SECTION**
6  **1983 CLAIM**

7          **1.    Applicable law**

8          Municipalities and other local government units are considered "persons"
9  under § 1983 and therefore may be liable for causing a constitutional deprivation.
10 <u>Long v. Cty. of L.A.</u>, 442 F.3d 1178, 1185 (9th Cir. 2006) (citing <u>Monell v. Dep't of</u>
11 <u>Soc. Servs.</u>, 436 U.S. 658, 690–91 (1978)).  However, because no <u>respondeat superior</u>
12 liability exists under § 1983, a municipality is liable only for injuries that arise from an
13 official policy or longstanding custom.  <u>City of Canton v. Harris</u>, 489 U.S. 378, 385
14 (1989) (citing <u>Monell</u>, 436 U.S. at 694).

15         To state a cognizable section 1983 claim against a municipality or local
16 government officer in his or her official capacity, a plaintiff must show the alleged
17 constitutional violation was committed "pursuant to a formal governmental policy or
18 a longstanding practice or custom which constitutes the 'standard operating
19 procedure' of the local governmental entity."  <u>Gillette v. Delmore</u>, 979 F.2d 1342,
20 1346 (9th Cir. 1992) (quoting <u>Jett v. Dallas Indep. Sch. Dist.</u>, 491 U.S. 701, 737
21 (1989)) (quotation marks omitted).  Proof of random acts or isolated events is
22 insufficient to establish a custom or practice.  <u>Thompson v. City of L.A.</u>, 885 F.2d
23 1439, 1444 (9th Cir. 1989), <u>overruled on other grounds by</u> <u>Bull v. City & Cty. of San</u>
24 <u>Francisco</u>, 595 F.3d 964 (9th Cir. 2010).  Rather, a plaintiff must prove widespread,
25 systematic constitutional violations which have become the force of law.  <u>Board of</u>
26 <u>Cty. Comm'rs of Bryan Cty. v. Brown</u>, 520 U.S. 397, 404 (1997).  In addition, a
27 plaintiff must show the policy, practice or custom was:  "(1) the cause in fact and (2)

28

1  the proximate cause of the constitutional deprivation." Trevino v. Gates, 99 F.3d

2  911, 918 (9th Cir. 1996).

3        **2.**     **Analysis**

4        Here, Plaintiff names as a Defendant, the San Bernardino Sheriff's Department

5  ("SBSD"), a municipality, in its individual capacity only.  Dkt. 1 at 4.  However, the

6  SBSD is not an individual, and cannot be sued as such.  See Oswald v. San Bernardino

7  Cty. Sheriff's Dep't, No. EDCV 1601150-DMG (DFM), 2016 WL 11621788, at *2

8  (C.D. Cal. Oct. 3, 2016) ("Insofar as Plaintiff is attempting to sue the Sheriff's

9  Department in its individual capacity, the Sheriff's Department is not an individual,

10  and cannot be sued as such.").  Accordingly, the Complaint fails to state a claim

11  against the Sheriff's Department.

12        Even if the Court construes Plaintiff's claim as an official capacity claim against

13  the SBSD as an entity, it must be dismissed because Plaintiff fails to allege any

14  widespread, systematic constitutional violations that have become the force of law or

15  formal governmental policy pursuant to which Defendant acted.  Rather, Plaintiff

16  only challenges the SBSD's conduct during a single, isolated incident.  Dkt. 1 at 1.

17  Even taking Plaintiff's allegations as true, proof of an isolated event is insufficient to

18  state an official capacity claim against SBSD.  See Thompson, 885 F.2d at 1444.

19        Accordingly, Plaintiff has failed to state a cognizable section 1983 claim against

20  Defendant SBSD.

21  **B.**     **PLAINTIFF FAILS TO STATE A CLAIM UNDER THE**

22        **FOURTEENTH AMENDMENT**

23        **1.**     **Applicable law**

24        The Fourteenth Amendment governs claims for violations of the right to

25  adequate medical care brought by pretrial detainees.  Gordon v. Cty. of Orange, 888

26  F.3d 1118, 1124–25 (9th Cir. 2018), cert. denied sub nom. Cty. of Orange, Cal. v.

27  Gordon, 139 S. Ct. 794 (2019).  A claim of denial of the right to adequate medical care

28  under the Fourteenth Amendment is analyzed under an objective deliberate

indifference standard.  <u>Gordon</u>, 888 F.3d at 1124–25.  The elements of such a claim are:

> (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

<u>Id.</u>

"With respect to the third element, the defendant's conduct must be objectively unreasonable, a test that will necessarily 'turn[ ] on the facts and circumstances of each particular case.'"  <u>Id.</u> (quoting <u>Castro v. County of Los Angeles</u>, 833 F.3d 1060, 1071 (9th Cir. 2016)).  The "'mere lack of due care'" is insufficient.  <u>Gordon</u>, 888 F.3d at 1124–25 (quoting <u>Daniels v. Williams</u>, 474 U.S. 327, 330–31 (1986)).  A plaintiff must "prove more than negligence but less than subjective intent – something akin to reckless disregard."  <u>Gordon</u>, 888 F.3d at 1124–25; <u>see also</u> <u>Sarkiss v. Duncan</u>, No. CV 17-06866-VAP (DFM), 2017 WL 10562979, at *6 (C.D. Cal. Sept. 22, 2017) ("[A] claim of medical malpractice or mere negligence is insufficient to make out a Fourteenth Amendment claim.").

### 2. Analysis

Here, Plaintiff alleges Defendant has violated his Fourteenth Amendment right to "proper medical procedure."[5]  Dkt. 1 at 6.  However, Plaintiff does not explain how Defendant's alleged failure to provide a step stool for exiting the bus relates to

---

[5] Plaintiff fails to clarify whether the alleged fall occurred before or after he was convicted. Therefore, it is not clear whether the Fourteenth Amendment standards apply or whether the often harder-to-prove Eighth Amendment "subjective" standard would apply.  <u>See</u> <u>Kingsley v. Hendrickson</u>, 576 U.S. 389 (2015) (noting the standard applicable to Fourteenth Amendment excessive force cases is the same as the Fourth Amendment "objective" test, rather than the often harder-to-prove Eighth Amendment "subjective" standard).  Nevertheless, because Plaintiff has failed to state a claim under the Fourteenth Amendment, a claim under the Eighth Amendment would also fail.

1   Plaintiff's medical care.  Nor does Plaintiff allege any facts about Defendant's
2   conduct, other than their failure to provide a step stool.  Accordingly, the Complaint,
3   as alleged, does not demonstrate that:  (1) Defendant was aware of the risk in the first
4   place; (2) Defendant "made an intentional decision" that put Plaintiff at risk; or (3)
5   Defendant failed to take reasonable measures to abate that risk.  See Gordon, 888
6   F.3d at 1124–25.

7          Furthermore, Plaintiff explicitly alleges only that he was injured "due to
8   negligence" on behalf of the SBSD.  Dkt. 1 at 1.  However, Plaintiff must prove
9   "more than negligence" to succeed on a deliberate indifference to medical needs
10  claim.  Gordon, 888 F.3d at 1124–25.  Therefore, even taking Plaintiff's allegation of
11  negligence as true, he has failed to state a Fourteenth Amendment claim for
12  inadequate medical care.

13  **C.     THE COMPLAINT SHOULD BE DISMISSED WITHOUT LEAVE**
14  **        TO AMEND**

15         As discussed above, the Complaint fails to state a claim on which relief may be
16  granted.  See above, subsections IV.A, IV.B.  Despite being given an opportunity to
17  correct the specific deficiencies the Court identified in the ODLA, Dkt. 6, Plaintiff
18  declined to file an amended complaint and chose instead to "stand on the allegations
19  in [his] complaint."  Dkt. 7 at 1.

20         Plaintiff's decision not to file an amended complaint shows leave to amend
21  would be futile.  See Pearce v. LA Cty. Jail Peace Officer/Corr. Officer, No. CV 17-
22  8092 JLS (JC), 2018 WL 3339646, at *2 (C.D. Cal. July 5, 2018) (finding where
23  plaintiff is "unwilling to draft a complaint that states viable claims for relief [the
24  Court] deems such failure an admission that amendment is futile").  Accordingly, the
25  Complaint should be dismissed without leave to amend.  See Ismail v. Cty. of Orange,
26  917 F. Supp. 2d 1060, 1066 (C.D. Cal. 2012) ("[A] district court's discretion over
27  amendments is especially broad 'where the court has already given a plaintiff one or

28

1   more opportunities to amend his complaint.'") (quoting <u>DCD Programs, Ltd. v.</u>

2   <u>Leighton</u>, 833 F.2d 183, 186 n.3 (9th Cir. 1987)).

3   **V.**

4   **<u>RECOMMENDATION</u>**

5   **IT IS THEREFORE RECOMMENDED** that the District Court issue an

6   order:

7       (1) accepting this Report and Recommendation; and

8       (2) directing Judgment be entered dismissing this action with prejudice.

9   **VI.**

10  **<u>NOTICE</u>**

11      Reports and Recommendations are not appealable to the Court of Appeals, but

12  may be subject to the right of any party to file objections as provided in the Local

13  Rules Governing the Duties of Magistrate Judges and review by the District Judge

14  whose initials appear in the docket number.  No Notice of Appeal pursuant to the

15  Federal Rules of Appellate Procedure should be filed until entry of the judgment of

16  the District Court.

17

18  Dated:  September 30, 2021

19

20  HONORABLE MARGO A. ROCCONI
    United States Magistrate Judge

21

22

23

24

25

26

27

28